UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK VIGLIANESE**, on behalf of himself and all others similarly situated,<br><br>     *Plaintiff*,<br> v.<br><br>**MARGARITAVILLE AT SEA, LLC**<br><br>     *Defendant*. | Civil Case No.: 2:25-cv-2446<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. This action arises out of Defendant, Margaritaville at Sea, LLC's ("Defendant"), practice of making unsolicited prerecorded telemarketing calls without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to call his telephone with prerecorded messages.

3. Accordingly, Plaintiff brings this TCPA action on behalf of himself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5. The Court has jurisdiction over Defendant because Defendant has committed tortious acts in this District and has targeted residents of this District with its telemarketing campaigns.

6. Venue is proper in this District because some of the wrongful conduct giving rise

to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

7.  Mr. Viglianese is, and at all times mentioned herein was, a citizen and resident of Bristol, Pennsylvania.

8.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9.  Defendant is and at all times mentioned herein was, a limited liability company organized and existing under the laws of Delaware.

10. Defendant's principal place of business is located at 6900 Turkey Lake Rd., Suite 200, Orlando Florida, 32819

11. Defendant may be served via its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

13. Defendant, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its cruise ship services.

14. Because each of these calls were advertising Defendant's products and/or services, they constitute telemarketing and telephone solicitations.

## PLAINTIFF VIGLIANESE'S FACTUAL ALLEGATIONS

15. Plaintiff Viglianese is the sole and customary user of cellular telephone number (XXX)-XXX-5862.

16. On or about February 12, 2025, Plaintiff Viglianese began receiving prerecorded

calls from Defendant.

17. On February 12, 2025 at 11:24am, Mr. Viglianese received a call from Defendant from telephone number (309) 295-6217, which played the following prerecorded message:

> [inaudible] voyages here. And let me ask you something. How much longer are you planning to deal with the cold. Picture this. Two nights and three days on a luxury cruise to the Bahamas with sunshine, ocean views, and all you can eat gourmet dining. Best part, it's free. Here's the secret. Someone paid thousands for this cruise, but had to cancel last minute. We've worked with their travel insurance to make their prepaid spot available to you. You only pay the $99 dollar port tax. That's it. No gimmicks, no strings, just your golden ticket to paradise. This won't last long. These spots fill up fast dial one now to book your trip. Again, that's one to lock in your free Bahamas cruise today. Don't let this pass you buy, you deserve this. To be removed from this list, call us at 833-867-3774 and press two to opt out. My name is Camila and I am looking forward to give you this great opportunity. Please press one now.

18. Mr. Viglianese knew this message used a prerecorded voice because of the tone and cadence of the voice and because it sounded robotic.

19. On February 12, 2025 at 4:45pm, Mr. Viglianese received another call from Defendant from telephone number (774) 332-4023, which played the following prerecorded message:

> you planning to deal with the cold. Picture this. Two nights and three days on a luxury cruise to the Bahamas with sunshine, ocean views, and all you can eat gourmet dining. Best part, it's free. Here's the secret. Someone paid thousands for this cruise, but had to cancel last minute. We've worked with their travel insurance to make their prepaid spot available to you. You only pay the $99 dollar port tax. That's it. No gimmicks, no strings, just your golden ticket to paradise. This won't last long. These spots fill up fast. Dial one now to book your trip. Again, that's one to lock in your free Bahamas cruise today. Don't let this pass you buy, you deserve this. To be removed from this list, call us at 833-867-3774 and press two to opt out. My name is Sophia and I am looking forward to give you this great opportunity. Please press one now.

20. Mr. Viglianese knew this message used a prerecorded voice because of the tone and cadence of the voice and because it sounded robotic.

21. On February 18, 2025 at 10:42am, Mr. Viglianese received another call from

Defendant from telephone number (409) 295-8263, which played the following prerecorded message:

> An exclusive deal for you. A two night, three day luxury cruise to the Bahamas at a fraction of the cost. Here's the deal. Due to a last-minute cancellation, a fully paid cruise package is up for grabs. Instead of letting it go to waste, we're offering it to you for just the $99 dollar port tax. No hidden fees, no gimmicks. Your experience includes luxury accommodations aboard a world class cruise ship, gourmet dining and endless entertainment, breathtaking ocean views, and tropical destinations. But here's the catch. There are only a few spots available and they will go fast. You must act now to claim yours. Press one now to book your trip before its gone. Need to opt out? Call 833-867-3774 and press two to be removed. Your dream vacation is waiting. Press one now.

22. Mr. Viglianese knew this message used a prerecorded voice because of the tone and cadence of the voice and because it sounded robotic.

23. On February 19, 2025 at 10:35am, Mr. Viglianese received another call from Defendant from telephone number (743) 223-7757, which played the following prerecorded message:

> . . . something. How much longer are you planning to deal with the cold. Picture this. Two nights and three days on a luxury cruise to the Bahamas with sunshine, ocean views, and all you can eat gourmet dining. Best part, it's free. Here's the secret. Someone paid thousands for this cruise, but had to cancel last minute. We've worked with their travel insurance to make their prepaid spot available to you. You only pay the $99 dollar port tax. That's it. No gimmicks, no strings, just your golden ticket to paradise. This won't last long. These spots fill up fast. Dial one now to book your trip. Again, that's one to lock in your free Bahamas cruise today. Don't let this pass you buy, you deserve this. To be removed from this list, call us at 833-867-3774 and press two to opt out. My name is Mariana and I am looking forward to give you this great opportunity. Please press one now.

24. Mr. Viglianese knew this message used a prerecorded voice because of the tone and cadence of the voice and because it sounded robotic.

25. On February 21, 2025 at 10:18am, Mr. Viglianese received another call from Defendant from telephone number (810) 309-0788, which played the following prerecorded message:

> . . . are you planning to deal with the cold. Picture this. Two nights and three days on a luxury cruise to the Bahamas with sunshine, ocean views, and all you can eat gourmet dining. Best part, it's free. Here's the secret. Someone paid thousands for this cruise, but had to cancel last minute. We've worked with their travel insurance to make their prepaid spot available to you. You only pay the $99 dollar port tax. That's it. No gimmicks, no strings, just your golden ticket to paradise. This won't last long. These spots fill up fast. Dial one now to book your trip. Again, that's one to lock in your free Bahamas cruise today. Don't let this pass you buy, you deserve this. To be removed from this list, call us at 833-867-3774 and press two to opt out. My name is Mariana and I am looking forward to give you this great opportunity. Please press one now.

26. Mr. Viglianese knew this message used a prerecorded voice because of the tone and cadence of the voice and because it sounded robotic.

27. On February 21, 2025 at 11:22am, Mr. Viglianese received another call from Defendant from telephone number (810) 309-0830, which played the following prerecorded message:

> An exclusive deal for you. A two night, three day luxury cruise to the Bahamas at a fraction of the cost. Here's the deal. Due to a last-minute cancellation, a fully paid cruise package is up for grabs. Instead of letting it go to waste, we're offering it to you for just the $98 dollar port tax. No hidden fees, no gimmicks. Your experience includes luxury accommodations aboard a world class cruise ship, gourmet dining and endless entertainment, breathtaking ocean views, and tropical destinations. But here's the catch. There are only a few spots available and they will go fast. You must act now to claim yours. Press one now to book your trip before its gone. Need to opt out? Call 833-867-3774 and press two to be removed. Your dream vacation is waiting. Press one now.

28. Mr. Viglianese knew this message used a prerecorded voice because of the tone and cadence of the voice and because it sounded robotic.

29. Mr. Viglianese never provided prior express written consent (or any consent) to Defendant for these telephone calls.

30. Mr. Viglianese called certain of the telephone numbers back and asked what company was calling him.

31. The representatives that answered Mr. Viglianese's calls advised that they were

with Margaritaville at Sea and were located in Orlando, Florida.

## DEFENDANT'S LIABILITY

32. Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

33. "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

34. Mr. Viglianese never provided Defendant with any consent, written or otherwise.

35. Accordingly, each of Defendant's telemarketing calls to Mr. Viglianese using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

36. For violations of 47 U.S.C. § 227(b), Mr. Viglianese is entitled to a minimum of $500 per call.

37. Mr. Viglianese is entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

38. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls and voicemail messages;
- Invasion of Privacy; and
- Nuisance.

39. These forms of actual injury are sufficient for Article III standing purposes.

**CLASS ACTION ALLEGATIONS**

40. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "Class" as defined as follows:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call substantially the same as those received by Plaintiff, from four (4) years prior to the filing of the Complaint through the date of Certification.

41. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

42. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

43. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its calls;

    b. The telephone numbers to which Defendant placed its calls;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such calls; and

    e. The names and addresses of Class members.

44. The Class are comprised of hundreds, if not thousands, of individuals.

45. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

      a. Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

      b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

      c. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

      d. Whether Defendant should be enjoined from engaging in such conduct in the future.

46. Plaintiff is a member of the Class in that Defendant placed calls utilizing an artificial or prerecorded voice without his prior express written consent.

47. Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

48. Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

49. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

50. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class.

51. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

52. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member makes individual actions uneconomical.

54. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

55. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

56. Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Plaintiff's and Class Members' telephone numbers without prior express written consent.

57. Defendant has therefore violated 47 U.S.C. § 227(b).

58. As a result of Defendant's unlawful conduct, Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff and Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

B.  An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C.  An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.  An award of statutory damages;

E.  An award of treble damages;

F.  An award of reasonable attorneys' fees and costs; and

G.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 14, 2025

*s/ Max S. Morgan*
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com